IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANDREAS OBOJES,

    Petitioner,

v.                                                 CASE NO. 4:07-cv-423-WS-AK

WALTER MCNEIL,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by Andreas Obojes.  In his petition, Petitioner claims that he was denied due process in connection with (1) disciplinary proceedings which resulted in the loss of gain time, (2) a lien which was placed on his inmate account by the state court, and (3) rulings made by the state appellate court. Respondent has moved to dismiss the petition for failure to exhaust.  Doc. 11.  Petitioner did not file a reply to the motion to dismiss, and the time for doing so has expired.  This cause is therefore in a posture for decision.  Having carefully considered the matter, the Court recommends that the motion to dismiss be granted and habeas relief be denied.

## BACKGROUND

Petitioner is presently serving a 40-year sentence in the Florida Department of Corrections for armed burglary, robbery with a deadly weapon, kidnapping, and sexual battery.

In November, 2005, Petitioner received three disciplinary reports for spoken threats and disrespect to officials.  He was convicted on all three DR's and stripped of 180 days of gain time.  In January, 2006, Petitioner filed a petition for writ of mandamus in the Circuit Court for Santa Rosa County.  The court summarily denied the petition as to two of the DR's but directed the State to file a response on the third DR.  Petitioner appealed the ruling on the two DR's, but the court of appeal dismissed the appeal without prejudice as there had been no final judgment issued in the lower court.  *Obojes v. McDonough*, 936 So.2d 1171 (Fla. Dist. Ct. App. 2006).

Several months later, the Santa Rosa court transferred Petitioner's case to the Circuit Court of Leon County based on venue.  The Leon County court then adopted the Santa Rosa court's conclusions as to the two DR's, found that Petitioner had been afforded due process on the third DR, and denied the mandamus petition.  It also imposed a lien on Petitioner's inmate account in the amount of the filing fees because the petition was a "'mixed petition'" in that Petitioner had sought not only the restoration of gain time but also damages for the allegedly unlawful DR's.  The court cautioned Petitioner that any request for rehearing, reconsideration, or clarification would be considered frivolous and could possibly subject him to sanctions.

When Petitioner sent the Leon County court a letter demanding that the lien be removed, the court construed the letter as an unauthorized motion for rehearing, which it denied as frivolous, and referred the matter to the Department of Corrections for "consideration of imposition of disciplinary sanctions against [Petitioner] for filing a frivolous motion for rehearing in derogation of this court's admonition...."  The court further cautioned Petitioner that

*Case No: 4:08-cv-423-WS-AK*

the "continued obstruction of justice or the abuse of this court's process could result in the imposition of additional, more severe sanctions...."

Shortly thereafter, Petitioner filed a motion to dismiss case and to vacate improper lien. The court denied the motion and found it also to be frivolous and referred the matter again to the Department of Corrections for possible disciplinary sanctions. Petitioner timely appealed, but the appeal was dismissed when Petitioner failed to pay the filing fee or "to obtain a current waiver from the lower tribunal to waive" the filing fee. The court later denied Petitioner's motion for rehearing and clarification. The instant petition followed.

## DISCUSSION

Section 2254 relief will not be granted unless Petitioner "has exhausted the remedies available in the courts of the State" or "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A) and (B). A claim is not exhausted if Petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Furthermore, "the federal claim must be fairly presented to the state courts," and it must be "the same claim." *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*).

Claims which have not been fairly presented to the state court but are defaulted from state court review are considered technically exhausted because no remedies are available for purposes of § 2254(c).  *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).  *See also White v. State*, 664 So.2d 242, 244 (Fla. 1995) (claims that could have or should have been raised on post-conviction and were not so raised are procedurally defaulted). However,

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

In this case, Petitioner did not exhaust his state court remedies because he did not complete the appellate process, a factor which is attributable to his own conduct. Consequently, though he has technically exhausted his claims--he cannot return to state court to reinstate the appeal–he cannot show cause for his failure to exhaust since it was his failure to pay the filing fee in compliance with state court orders and procedures which caused the default.  *See Lynn v. United States*, 365 F.3d 1225, 1235 (11th Cir. 2004).  Moreover, considering the deference which this Court must extend to the findings of the Leon County court, he cannot show that the failure to consider the claims will result in a fundamental miscarriage of justice.

In light of the foregoing, it is respectfully **RECOMMENDED**:

That Respondent's motion to dismiss, Doc. 11, be **GRANTED**;

That the petition for writ of habeas corpus, Doc. 1, be **DENIED**;

*Case No: 4:08-cv-423-WS-AK*

That this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this *21st*   day of August, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.